**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| **JUSTIN MILES,** | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| | )    Civil Action No.:    3:23CV-14-GNS |
| v. | )    (Removed from the Circuit Court for |
| | )    Jefferson County, Kentucky Case No. 22- |
| **FORD MOTOR COMPANY**, | )    CI-006313) |
| | ) |
| and | ) |
| | ) |
| **TINA MARRIS**. | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL**

Defendant Ford Motor Company ("Ford" or "Defendant"), by and through its undersigned counsel, hereby removes this case pursuant to 28 U.S.C §§ 1332, 1441 and 1446 from the Circuit Court for Jefferson County, Kentucky, in which it is now pending, to the United States District Court for the Western District of Kentucky.

The Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists between Plaintiff and all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Grounds for removal are as follows:

**PROCEDURAL STATEMENT**

1.      On December 6, 2022, Plaintiff Justin Miles filed an action in the Circuit Court for Jefferson County, Kentucky, styled as *Justin Miles v. Ford Motor Company and Tina Marris*, Case No. 22-CI-006313 ("State Court Action").

2.      On December 9, 2022, Ford was served with Plaintiff's Complaint.  As required under § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached as Exhibit A.

3.      As of this date, no defendant has filed an Answer in the State Court Action. Defendant Ford Motor Company has not answered or plead, having obtained an extension of time until January 26, 2023.

4.      In Plaintiff's Complaint, Plaintiff asserts discrimination, retaliation, and hostile work environment claims under the Kentucky Civil Rights Act, KRS § 344 *et seq*., along with a claim for negligent hiring.  *See* Ex. A at 6-13.  (Compl. ¶¶ 31-84).

5.      Plaintiff's Complaint seeks an unspecified amount of compensatory damages based on alleged "economic, personal and other losses," along with an unspecified amount of damages based on alleged "humiliation, embarrassment, apprehension about his future, and emotional stress."  *See* Ex. A at 13 (Prayer for Relief).

6.      It is Ford's present understanding and good faith believe that Defendant Tina Maracz, erroneously named as Tina Marris in Plaintiff's Complaint, has not been served with Plaintiff's Complaint. *See* Smith Decl. ¶¶ 6-8.  Accordingly, her consent to the removal of this action from the Circuit Court of Jefferson County, Kentucky to the Western District of Kentucky is not required under 28 U.S.C. § 1446(b)(2)(A).

7.      For purposes of this removal <u>only</u>, Ford assumes Plaintiff's allegations are true.

<b><u>REMOVAL IS TIMELY</u></b>

8.      Plaintiff served Ford with a copy of the Complaint and Summons on December 9, 2022. *See* Ex. A at 20.  Because Ford's Notice of Removal is filed within 30 days of service of the Summons and Complaint, it is timely under 28 U.S.C. § 1446(b).

**GROUNDS FOR REMOVAL**

9.      28 U.S.C. § 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]"  Here, removal is proper under 28 U.S.C. § 1441 because this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(a).

10.     Removal is also proper because this Court is the district court "for the district and division embracing the place where such action is pending," and because Ford is not a citizen of the State in which this action was brought.  28 U.S.C. § 1441(a).

11.     Ford denies Plaintiff's factual allegations and denies that Plaintiff is entitled to the relief requested.  However, based on the allegations in the Complaint and the prayer for relief, all requirements for jurisdiction under 28 U.S.C. § 1332 have been met.  Accordingly, this Court has original jurisdiction over this action.

**DIVERSITY OF JURISDICTION**

12.     Based upon the Complaint and Plaintiff's representations as to his residence, he is a resident of Louisville, Kentucky and thus a citizen of Kentucky.  *See* Ex. A at 2 (Compl. ¶ 1).

13.     Ford is a citizen of Delaware and Michigan.  A corporation is a citizen of the state or states in which it is incorporated and has its principal place of business.  28 U.S.C. § 1332(c)(1).  Ford is a Delaware corporation and has its principal place of business in Michigan.  *See* Ex. B (Annual Report Online Filing for Ford Motor Company); *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1022 (2021) ("[Ford] is incorporated in Delaware and headquartered in Michigan.").  Thus, Ford is a citizen of Delaware and Michigan.

14.     Ford is informed and on that bases alleges that Defendant Tina Maracz, who was erroneously named as Tina Marris in Plaintiff's Complaint, is a citizen of Ohio because Ford's

records for Ms. Maracz kept in the regular course of business show that Ms. Maracz's last known address is in Sagamore Hills, Ohio, and her last known phone number has a 330 area code, which is an area code for Ohio.  Smith Decl. ¶ 9.

15.     Therefore, complete diversity exists between Plaintiff and the defendants.  28 U.S.C. §1332(a)(1).

## AMOUNT IN CONTROVERSY

16.     Under 28 U.S.C. § 1332(a), the amount in controversy must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs."  Although Ford denies liability and denies that Plaintiff will be entitled to recover any damages or fees, it is appropriate to examine the amount placed in controversy should Plaintiff prevail.  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

17.     Plaintiff has not specified in the Complaint the amount of damages he seeks. Accordingly, Ford's Notice of Removal need only make a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold, which should be accepted unless contested by Plaintiff or questioned by the Court.  *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

18.     Plaintiff claims he is entitled to "compensatory damages . . . for his economic, personal and other losses."  Ex. A at 13 (Prayer for Relief).

19.     Plaintiff also claims to be entitled to "damages . . . for humiliation, embarrassment, apprehension about his future, and emotional stress."  *Id.* at 13 (Prayer for Relief).  Plaintiff alleges that he was admitted to a hospital for "his depression and anxiety" on more than one occasion.  *Id.* at 6, 9 (Compl. ¶¶ 28, 54).  In fact, Plaintiff alleges, that he is "still dealing with depression and anxiety."  *Id.* at 9 (Compl. ¶ 28).

20.     Plaintiff's claims of non-economic compensatory damages, including for medical expenses, alone could exceed the $75,000.00 jurisdictional threshold, as the Kentucky Civil Rights Act does not limit the amount of compensatory damages that a plaintiff may recover.  *See* KRS § 344.450 (allowing recovery of actual damages and placing no limit upon the amount recoverable).

21.     If Plaintiff prevails here, a jury may award non-economic compensatory damages of more than $75,000.00 as awards well in excess of this amount have been upheld.  *Asbury Univ. v. Powell*, 486 S.W.3d 246, 264 (Ky. 2016) (rejecting an argument that "$300,000 in damages awarded for humiliation, embarrassment, and emotional distress[] is excessive" in a Kentucky Civil Rights Act case); *Banker v. Univ. of Louisville Athletic Ass'n, Inc.*, 466 S.W.3d 456, 463 (Ky. 2015) (upholding a jury's award of $300,000 for emotional stress damages for a Kentucky Civil Rights Act claim).

22.     Plaintiff also requests "costs, interest, and attorneys' fees" under KRS § 344.

23.     As attorneys' fees are recoverable under the Kentucky Civil Rights Act, *see* KRS § 344, claims for attorneys' fees properly are included in determining the amount in controversy for diversity jurisdiction purposes.  *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).

24.     Reasonable attorneys' fees are calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.  *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

25.     Here, it is a reasonable estimate that Plaintiff's case will require at least 200 hours of work by Plaintiff's attorneys.  *See, e.g.*, *Jefferson v. Hyatt Corp. of Delaware*, No. 3:14-CV-00601, 2015 WL 1611834, at *3 (W.D. Ky. Apr. 10, 2015) (concluding that "$40,000.00 or more,

assuming a billable rate of $200.00 per hour with 200 hours billed" for a Kentucky Civil Rights Act case was "not unreasonable" as an estimate for removal purposes); *see also Johnson v. Pioneer Credit Co.*, No. 1:06-CV-00164, 2008 WL 2858837, at *1 (W.D. Ky. July 24, 2008) (awarding attorney fees of $250.00 per hour for 130 hours, totaling $32,725.00 in a Kentucky Civil Rights Act case).

26.    Although Ford denies that Plaintiff's claims have any merit, Ford avers, for purposes of meeting the jurisdictional requirements for removal only, that Plaintiff's requested monetary recovery easily exceeds $75,000.  Assuming 200 hours of attorney work at an hourly rate of $200, attorneys' fees alone could total $40,000.  Together, the attorneys' fees and any damages Plaintiff may recover in the case plausibly satisfy the amount-in-controversy requirement.

## NOTICE

27.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders served" upon Ford, as well as other documents filed in the State Court Action, are filed concurrently with this Notice of Removal as Exhibit A.

28.    Pursuant to 28 U.S.C. § 1446(d), Ford will promptly file a copy of this Notice of Removal in the State Court Action and give written notice of the removal to Plaintiff.

## CONCLUSION

29.    Because there exists complete diversity of citizenship and the amount in controversy is in excess of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

30.     WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Ford respectfully removes to federal court the above-captioned civil action, which is currently pending in the Circuit Court of Jefferson County, Kentucky.

Respectfully submitted,

TURNER, KEAL & BUTTON, PLLC

By:     *s/R. Thad Keal*
        R. Thad Keal
        10624 Meeting St., #101
        Prospect, KY 40059
        Telephone:  (502) 426-5110
        Facsimile:  (502) 426-5119
        tkeal@turnerkeal.com


        GIBSON, DUNN & CRUTCHER LLP
        Katherine Smith (*pro hac vice* forthcoming)
        333 South Grand Ave.
        Los Angeles, CA 90071-3197
        Telephone:  (213) 229-7107
        Facsimile:  (213) 229-6107
        KSmith@gibsondunn.com

        Megan Cooney (*pro hac vice* forthcoming)
        3161 Michelson Drive
        Irvine, CA 92612-4412
        Telephone: (949) 451-4087
        Facsimile: (949) 475-4778
        MCooney@gibsondunn.com

        *Counsel for Defendant Ford Motor Company*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 6, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Kentucky using the CM/ECF system, and a true and correct copy of the foregoing was sent via electronic mail, to:

Samuel G. Hayward Jr.
ADAMS HAYWARD & WELSH
4036 Preston Highway
Louisville, KY 40213
Telephone:  (502) 366-6456
Email:  sghayw@gmail.com
*Counsel for Plaintiff*

<u>s/R. Thad Keal</u>
R. Thad Keal
*Counsel for Defendant Ford Motor Company*