UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:23-CV-00014-GNS

JUSTIN MILES                                                                  PLAINTIFF

v.

FORD MOTOR CO.; and
TINA MARACZ                                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Partial Motion to Dismiss (DN 21). The motion is ripe for adjudication. For the reasons stated below, the motion is **DENIED**.

**I.      STATEMENT OF FACTS**

Plaintiff Justin Miles ("Miles") has been employed by Defendant Ford Motor Co. ("Ford") as an Assembly Line Technician in their Louisville Truck Plant since 2016, where Defendant Tina Maracz ("Maracz") formerly worked as his supervisor. (Am. Compl. ¶¶ 1-3, DN 20).[1] Miles, an African American male, sued Ford and Maracz, alleging that Maracz discriminated against him based on his race (Count I), gender (Count II), and disability (Count III), retaliated against him when he complained (Count IV), and created a hostile work environment (Count V), all in violation of the Kentucky Civil Rights Act. (Am. Compl. ¶¶ 49-103). Miles also sued for negligent hiring and retention (Count VI). (Compl. ¶¶ 78-84, DN 1-3).

---

[1] The jurisdiction and factual allegation sections of the Complaint and Amended Complaint are separate numbered lists, so there are two sections each numbered 1-6. (*See* Compl.; Am. Compl.). The citations in this Memorandum Opinion and Order refer only to the paragraphs in the factual allegation section.

1

Miles brought the case in Jefferson Circuit Court, and Ford timely removed it to this Court. (Notice of Removal 1-2, DN 1). Ford moved to dismiss the claims for discrimination (Counts I-III), and negligent hiring and retention (Count VI). (Def.'s 1st Partial Mot. Dismiss 1, DN 14). Miles responded and filed an Amended Complaint that omitted the negligent hiring and retention claim. (Pl.'s Resp. Def.'s 1st Partial Mot. Dismiss, DN 14; *see* Am. Compl.). Ford again moves to dismiss the discrimination claims. (Def.'s 2d Partial Mot. Dismiss 1, DN 21). Miles did not respond to the Second Partial Motion to Dismiss.

## II.   JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

## III.   STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, "courts must accept as true all material allegations of the complaint[] and must construe the complaint in favor of the complaining party." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Ordinarily, when a plaintiff fails to respond to an argument in a motion to dismiss, the claims are deemed abandoned. *See Doe v. Bredesen*, 507 F.3d 998, 1007 (6th Cir. 2007). A district court may not, however, dismiss a plaintiff's claims solely because the plaintiff did not respond to the motion to dismiss. *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). The court must still determine whether the complaint meets the pleading standard set forth above. *See id.* at 452.

## IV.    DISCUSSION

Kentucky courts interpret the Kentucky Civil Rights Act in accordance with federal law because it was modeled after Title VII of the Civil Rights Act of 1964. *Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592 (Ky. 2003) (citations omitted); *Bd. of Regents of N. Ky. Univ. v. Weickgenannt*, 485 S.W.3d 299, 305 (Ky. 2016). Consequently, Kentucky courts apply the burden shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), to KCRA discrimination claims. *Brooks v. Lexington-Fayette Urb. Cnty. Hous. Auth.*, 132 S.W.3d 790, 797 (Ky. 2004), *as modified on denial of reh'g* (May 20, 2004) (applying *McDonnell Douglas* to a race discrimination claim); *Weickgenannt*, 485 S.W.3d at 306 (applying *McDonnell Douglas* to a gender discrimination claim); *Larison v. Home of the Innocents*, 551 S.W.3d 36, 41 (Ky. App. 2018) (applying *McDonnell Douglas* to a disability discrimination claim). The *McDonnell Douglas* framework requires, *inter alia*, that a plaintiff show an adverse employment action. *See Brooks*, 132 S.W.3d at 797; *Weickgenannt*, 485 S.W.3d at 306; *Larison*, 551 S.W.3d at 41.

Ford moves to dismiss the Amended Complaint because Miles failed to plead that he suffered an adverse employment action. (Def.'s Mem. Supp. 2d Mot. Dismiss 1, DN 21-1 [hereinafter Def.'s Mem.]). Ford argues that because Miles is still employed by Ford and his "title, benefits, and pay have not materially changed," his Amended Complaint fails to state a claim for discrimination. (Def.'s Mem. 1, 4). "An adverse employment action is an action by the employer

that 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 402 (6th Cir. 2008) (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). Adverse employment actions also include actions that result in a loss of income or a reduction in pay. *See Jordan v. City of Cleveland*, 464 F.3d 584, 596 (6th Cir. 2006) (holding that an employer's scheduling decision that resulted in a loss of income was an adverse employment action); *McKethan-Jones v. Ohio Dep't of Health*, 7 F. App'x 475, 479 (6th Cir. 2001) (holding that a five-day suspension without pay was an adverse employment action); *Love v. Elec. Power Bd. of Chattanooga, EPB*, 392 F. App'x 405, 408 (6th Cir. 2010) (recognizing "a decrease in wage or salary" as an example of an adverse employment action) (citing *Momah v. Dominguez*, 239 F. App'x 114, 123 (6th Cir. 2007)).

Miles' Amended Complaint includes allegations that he lost income and received reduced pay because of his supervisors' actions. He alleges that he was denied the opportunity to work overtime more than once and that a supervisor indefinitely disqualified him from working overtime for one of the jobs he performed. (Am. Compl. ¶¶ 12, 14, 43-46). He also claims that he received reduced pay for time he spent seeking treatment at a mental healthcare facility. (Am. Compl. ¶¶ 31, 58, 68, 76). Because Miles alleges that he suffered monetary loss, he has sufficiently pleaded an adverse employment action.

Ford's arguments that Miles was only denied overtime once or that his pay did not *materially* change are not appropriate at the motion to dismiss stage. (Def.'s Mem. 1, 10). Miles is not required to prove a *prima facie* case of discrimination under *McDonnell Douglas* to overcome a motion to dismiss. *Keys v. Humana, Inc.*, 684 F.3d 605, 609 (6th Cir. 2012) ("*McDonnell Douglas* is an evidentiary standard, not a pleading requirement." (citing

4

*Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002))). Fed. R. Civ. P. 8(a)(2)'s liberal pleading standard requires Miles to allege sufficient facts from which the Court could reasonably infer that Ford discriminated against him. *Id.* at 610 (citing *Iqbal*, 556 U.S. at 678-79). He has done so, and the motion to dismiss is denied.

## V.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Second Partial Motion to Dismiss (DN 21) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

November 14, 2023

cc:  counsel of record

5